IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 12-0048-01-CR-W-HFS |
| JAQUAY R. STRICKLAND, | ) |  |
| Defendant. | ) |  |

**ORDER**

A motion to dismiss "the case" was filed (with commendable promptness) one day beyond the thirty allowable days between an arrest and an indictment. Doc. 12. The next day a firearm violation indictment was filed. Doc. 13. As stated by Magistrate Judge Larsen in his report and recommendation (Doc. 25) the specific charge here is a serious one and presumed prejudice from delay is minimal. Since the original complaint should have been dismissed without prejudice, according to the recommendation, the indictment is not vulnerable to dismissal.

While there is no explanation of the delay before presenting the case to a grand jury in a timely manner, no scheme to engage in harmful delay is inferable.

The issue is whether the complaint should have been dismissed with or without prejudice; the indictment date is not determinative. United States v. Miller, 23 F.3d 194, 196 (citing United States v. Bittle, 699 F.2d 1201, 1207 (D.C.Cir. 1983). The Miller case held that an 88-day delay between arrest and dismissal of the complaint should have been fatal to one of the charges. Defendant fails to argue or otherwise establish that the brief delay here should be treated as comparable.

The charge is a serious one, as noted by Judge Larsen, which weighs against a dismissal with prejudice. I agree with the report and will follow the recommendation. The indictment will not be dismissed. SO ORDERED.[1]

                                        /s/ Howard F. Sachs  
                                        HOWARD F. SACHS  
                                        UNITED STATES DISTRICT JUDGE

June  1 , 2012

Kansas City, Missouri

---

[1] As noted, this might be treated as a moot issue because the motion could only have been directed against the complaint, which has been superseded by the indictment. Defendant should probably have filed a second motion, one specifically directed toward the indictment. The result would, however, be the same.